UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE J. OELZEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1734 TIA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reopen the Evidence for the Limited Purpose of In Camera Inspection of a Redacted Paragraph of Joint Trial Exhibit 12. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

Plaintiff Wayne Oelzen brought this negligence action against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Plaintiff's wife, the Decedent in this case, previously suffered a brain stem stroke paralyzing her from the neck down and causing her to be wheelchair bound. On March 14, 2005, while Plaintiff wheeled his wife through a jetway at Lambert-St. Louis International Airport, something caused the chair to stop suddenly, and the Decedent fell forward onto the floor, hitting her head. At some point, the belt(s) which secured the Plaintiff's wife in the wheelchair became unfastened, which allowed the Decedent to fall out of the wheelchair. Shortly after landing in Baltimore, Maryland, the Decedent felt ill and began to lose consciousness. Emergency Room physicians diagnosed a large subdural hematoma. On March 15, 2005, the Decedent died as a result of the subdural hematoma sustained during her fall on the jetway.

On December 5, 2006, Plaintiff filed a Wrongful Death Complaint in federal court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Plaintiff alleges that the death of his wife, Deanna Oelzen, was caused by the negligent and wrongful acts or omissions of employees of the United States Government while acting in the course and scope of their employment. Specifically, Plaintiff alleges negligence against employees of the Transportation Security Administration ("TSA"), a component of the Department of Homeland Security. Plaintiff maintains that security screener(s) unfastened the Decedent's restraints during the screening process and failed to re-fasten the belts, causing the Decedent to fall out of her wheelchair and suffer a fatal injury.

On September 8, 2008, the undersigned commenced a Bench Trial, during which both parties presented evidence. The trial concluded on September 9, 2008. On November 19, 2008, the Defendant filed the present Motion to Reopen the Evidence, asking the Court to inspect, *in camera*, a redacted paragraph of Joint Trial Exhibit 12 pertaining to Screening Checkpoint Procedures.

## Discussion

Defendant requests that this Court conduct *in camera* review of a redacted paragraph of TSA Screening Checkpoint Standard Operating Procedures ("SOP"), Section 14.3.3(D)(4), as rebuttal evidence. Specifically, Defendant seeks to introduce this evidence to contradict Plaintiff's Post-Trial Brief argument that the normal screening process had to logically and reasonably involve leaning the Decedent forward. Plaintiff, on the other hand, contends that his Post-Trial Brief does not rely upon or cite to the paragraph in question. Further, Plaintiff asserts that Defendant has failed to demonstrate good cause to justify re-opening the evidence more than 2 months after the conclusion of the trial.

After thorough review of the motion and the responses and replies thereto, the undersigned

2

finds that the Defendant's motion should be denied.  A motion to re-open the evidence rests within the sound discretion of the trial judge.  Hawkey Commodity Promotions, Inc. v. Vilsack, 486 F.3d 430, 443 (8th Cir. 2007).  The Defendant cites no authority nor presents any guidelines for its argument that the Court should re-open the evidence.  "It is well established that a party who fails to introduce at trial all evidence necessary to obtain judgment has generally made a fatal error."  Level 3 Communications, LLC v. City of St. Louis, Missouri, Nos. 4:04-CV-871 CAS, 4:04-CV-1046 CAS, 2007 WL 2860171, at *3 (E.D. Mo. Sept. 25, 2007) (citations omitted).

Here, the Defendant waited over two months after the close of the trial to seek *in camera* review of a redacted portion of a joint trial exhibit.  Defendant argues that the "conclusory language of Plaintiff's post-trial brief argued for this Court to make logical and reasonable inferences based upon evidence and argument which Defendant is precluded from rebutting without potential breach of Sensitive Security Information, ("SSI")."  (Defendant's Reply to Plaintiff Wayne Oelzen's Objection to Defendant's [Corrected] Motion to Reopen the Evidence, p. 1)  However, much like closing arguments in a jury trial, the Plaintiff is allowed to ask the Court to make logical and reasonable inferences based upon evidence presented at trial.  That Defendant may have realized too late that it neglected to present pertinent evidence is not grounds to re-open the evidence.  Further, the Plaintiff's Post-Trial Brief does not rely upon the paragraph in question but sets forth testimony adduced at trial.  Defendant had ample opportunity to examine these witnesses and elicit rebuttal testimony during the trial.

While this Court understands and respects the need to protect Sensitive Security Information, the undersigned also notes that the Plaintiff was able to present his case at trial and in his post-trial brief without seeking, or "vetting", that information.  If, however, the Defendant believes that this

3

information is mandatory to its case, the Defendant can assist the Plaintiff in the proper vetting procedures and request that the information be filed under seal. Otherwise, the Court believes that it is capable of making logical and reasonable inferences from the evidence adduced at trial without re-opening the evidence for *in camera* review.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen the Evidence for the Limited Purpose of In Camera Inspection of a Redacted Paragraph of Joint Trial Exhibit 12 [Doc. #50] is **DENIED.**

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   6th    day of January, 2009.