UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE J. OELZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV1734 TIA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Court conducted a non-jury trial on this action commencing September 8, 2008 and concluding on September 9, 2008, during which time the Court took Defendant's Motion in Limine under advisement. The undersigned has consent jurisdiction pursuant to 28 U.S.C. § 636(c).

On August 29, 2008, Defendant filed its Motions in Limine, requesting that the Court exclude Deanna Oelzen's (hereinafter "Decedent") statement that "The ladies in security opened [the belts] after I told them I couldn't lean forward." Defendant also objected to the testimonies of Mary Ann Herbert, Sally Oelzen, and Todd Oelzen regarding non-economic damages.

**I. Decedent's Statement to Ms. Herbert**

**A. Hearsay Exception under Fed. R. Evid. 807**

Defendant first argues that the Court should not consider Decedent's statement to her sister, Ms. Herbert, that ladies in airport security opened her belts after Decedent told them that she could not lean forward. Defendant maintains that the statement is hearsay and that the statement does not fall within any of the enumerated hearsay exceptions under Fed. R. Evid. 807. Plaintiff, on the other hand, asserts that the statement is admissible because it has sufficient guarantees of trustworthiness; the statement is relevant and material; the statement has probative value; the interests of justice would

be served by admitting the statement into evidence; and the adverse party had sufficient notice.

The undersigned finds that the statement should be excluded as hearsay, as the statement fails to meet the requirements for admission under Fed. R. Evid. 807. Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is no excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Civ. P. 807. Congress intended the residual hearsay exception to be used rarely, and only under exceptional circumstances. United States v. Peneaux, 432 F.3d 882, 893 (8th Cir. 2005) (internal quotation omitted). The Eighth Circuit Court of Appeals recently stated that a movant must meet five requirements for admission under Rule 807:

> 1) that the evidence have circumstantial guarantees of trustworthiness, 2) that the evidence be offered to prove a material fact, 3) that the evidence be more probative on the point offered than any other evidence which the proponent can procure through reasonable efforts, 4) that the proponent has served prior notice to the adverse party in advance of trial, and 5) that admission would comport with the general purpose of the rules and be consistent with the interests fo justice.

United States v. Banks, 514 F.3d 769, 777 (8th Cir. 2008).

In this case, the parties' primary argument pertains to the trustworthiness of the Decedent's statement to her sister. Defendant contends that the Decedent's alleged statement that the ladies in security opened her belts has no guarantees of trustworthiness sufficient to admit the statement into evidence. Plaintiff, on the other hand, asserts that the statement is sufficiently trustworthy due to the timing and the clarity of the statement.

2

"'In assessing the qualitative degree of trustworthiness of a particular statement, the court should inquire into the reliability of and necessity for the statement.'" United States v. Earles, 113 F.3d 796, 800 (8th Cir. 1997) (quoting United States v. Carlson, 547 F.2d 1346, 1354 (8th Cir. 1976)). The undersigned finds that the statement does not contain the requisite reliability to admit into evidence. The Decedent's statement was made **after** she fell out of the wheelchair and does not indicate that a TSA screener did, in fact, unbuckle the belt. Decedent never told her husband or her sister that the belt was unbuckled prior to the fall, despite the fact that the Decedent knew she was to be buckled in the chair at all times. Decedent's conclusion is based on mere speculation, or, as the Defendant argues, through the process of elimination. The Decedent is not subject to cross-examination to determine the basis of her comment or further explore the circumstances surrounding the Decedent's fall. The undersigned finds that a statement, proffered two years after the Decedent's death, does not contain the requisite circumstantial guarantees of trustworthiness and is therefore not admissible under Fed. R. Evid. 807, the residual hearsay exception.

## B. Admissibilty under Mo. Rev. Stat. § 491.010(2)[1]

The Defendant also argues that the statement is not admissible under Mo. Rev. Stat. § 491.010(2). The statute provides:

> 2. In any such [civil] suit, proceeding or probate matter, where one of the parties to the contract, transaction, occurrence or cause of action, or his agent in such matter, is dead or is shown to be incompetent, and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party or agent or by the incompetent prior to his incompetency, shall not be excluded as hearsay, provided that in trials

---

[1] The Court looks to Missouri law to determine the admissibility of the Decedent's statement, as Plaintiff brings his claim under the Missouri Wrongful Death Statute, Mo. Rev. Stat. § 537.080, which supplies the rule of decision. Fed. R. Evid. 601.

3

> before a jury, the trial judge shall first determine by voir dire
> examination out of the hearing of a jury that the declarant would have
> been a competent witness and that his alleged statement or statements
> would have been admissible in evidence if he were available to testify.

Mo. Rev. Stat. § 491.010.2 (1996). Plaintiff, on the other hand, contends that the Decedent's statement falls squarely within the scenario identified in the statute.

The undersigned finds that the Decedent's statement to Ms. Herbert is admissible under Missouri statute. The court in Estate of Oden v. Oden discussed the original and the amended versions of the "Dead Man's Statute," stating that:

> The historic "Dead Man" statute operated to disable interested witnesses from testifying about transactions with deceased persons. The 1985 amendment completely abandoned this approach. It maintains the principle that any competent, relevant, and material evidence may be received, without regard to the interest of the party testifying, and removes an exception contained in the prior statute. Its purpose is to allow the court to receive evidence which was previously inadmissible. The statute also provided that certain evidence which would otherwise be excludable under the hearsay rule could be received, if the opposing party voluntarily testifies about dealings with a person who has died or become incompetent.

905 S.W.2d 914, 918 (Mo. Ct. App. 1995). "The plain language of section 491.010.2 requires the *adverse party* (or his agent) to 'the contract, transaction, occurrence or cause of action' to testify before evidence otherwise excludable on hearsay grounds may be admitted." American Family Mut. Ins. Co. v. Millers Mut. Ins. Ass'n, 971 S.W.2d 940, 942 (Mo. Ct. App. 1998) (quoting Mo. Rev. Stat. § 491.010.2).

In Echard v. Barnes-Jewish Hospital, the Missouri Court of Appeals admitted testimony under Mo. Rev. Stat. § 491.010.2 in a medical malpractice action. 98 S.W.3d 558, 568 (Mo. Ct. App. 2002). Plaintiff, the wife of a deceased patient, brought medical malpractice and loss of consortium

4

claims against the hospital, alleging that the hospital employees improperly lifted her husband from his wheelchair, causing him to seriously re-injure his knee. Id. at 563. The husband died in an unrelated accident while the suit was pending. Id. At trial, the attending nurse testified on behalf of the defendant hospital regarding her acts and omissions in caring for plaintiff's husband and regarding her conversation with the husband prior to his injury. Id. at 568. The plaintiff presented rebuttal testimony regarding what her husband told her about the incident in a telephone conversation shortly after his leg was re-injured. Id. at 564-65. Despite the defendant's objections under Missouri's "deadman statute," the Echard court found that the rebuttal testimony fell squarely within the exception stated in section 491.010.2 and was properly admitted into evidence. Id. at 568.

In the instant case, TSO Bergheger testified, both in her deposition and at trial, regarding her screening of the Decedent. (Bergheger Depo., pp. 29-44; Tr. 374-82, 385-88) Specifically, TSO Bergheger testified that she did not unfasten the belt and that the belt was fastened when Decedent left airport security. (Bergheger Depo., p. 29, Tr. pp. 377-78, 400) Prior to her death, however, Decedent made a statement to her sister that the ladies in airport security opened her seat belts. Certainly, if the Decedent were alive, her testimony would be admissible to rebut TSO Bergheger's testimony. However, given the fact that Decedent is unavailable to testify, Ms. Herbert's testimony regarding what the Decedent told her regarding the screening procedure, and the seat belts in particular, is admissible to rebut the testimony of TSO Bergheger under Mo. Rev. Stat. 491.010.2.

Defendant, however, argues that this Court should rely on pre-amendment cases from 1933 and 1973[2] stating that the Dead Man's Statute did not apply to personal injury or wrongful death

---

[2] In Freeman v. Berberich, the Missouri Supreme Court stated that it did not think "there is any reason to justify [the statute's] application to actions ex delicto for personal injuries, except as to the actual parties to the cause of action in issue and on trial." 60 S.W.2d 393, 401 (Mo.

5

actions. This argument fails for two reasons. First, as stated above, the 1985 amendment completely abandoned the historic Dead Man's Statute, upon which Defendant's cited cases rely. Estate of Oden v. Oden, 905 S.W.2d 914, 918 (Mo. Ct. App. 1995); see also American Home Assurance Co. v. Pope, 360 F.3d 848, 853 n.8 (8th Cir. 2004) (noting that "Missouri has clearly abrogated the 'Dead Man's Statute'" and finding that evidence of a conversation between an interested witness and a dead man could be admissible to demonstrate a failure to warn under Missouri common law); In re Estate of Kling, 736 S.W.2d 65, 67 n.1 (Mo. Ct. App. 1987) ("In 1985 the legislature abrogated the Dead Man's Statute by substantially rewriting § 491.010."). The profound changes to the wording and the purpose of the statute renders Defendant's argument unconvincing, and this Court declines to follow those cases which are based upon an abrogated "Dead Man's Statute."

Second, the statute states that "where one of the parties to the contract, transaction, **occurrence or** cause of action . . . is dead . . . , and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party . . . shall not be excluded as hearsay." Mo. Rev. Stat. § 491-010.2. Given this language, it is clear that the deceased person who made the statement can be a party to the occurrence, not only a party to the cause of action.[3] The Court declines to adopt the narrow interpretation proffered by the Defendant. See State ex rel. Killingworth v. George, 168 S.W.3d 621, 623 (Mo. Ct. App. 2005) (stating that

---

1933). The court in Myers v. Griffith held "that the wrongful death action is separate and distinct from any cause of action the decedent might have had, and that the statute applies in tort actions only where one of the actual parties to the cause of action in issue and on trial is deceased." 495 S.W.2d 447 (Mo. 1973).

[3] This language varies significantly from the original statute, which provided "'that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead * * * the other party to such contract or cause of action shall not be admitted to testify.'" Freeman v. Berberich, 60 S.W.2d 393, 396 (Mo. 1933) (quoting Mo. Rev. Stat. § 1723 (1929)).

6

courts construe state statutes by "giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results."). Instead, this Court will follow the well-reasoned opinion of the Echard court to determine that Ms. Herbert's rebuttal testimony "falls squarely within the exception stated in section 491.010.2" and that the Decedent's statements to her sister are admissible. Echard, 98 S.W.3d at 568.

On a final note, the undersigned declines to follow the Defendant's interpretation of the Oden opinion. Defendant asserts that the Oden court "clearly limited the admission of hearsay statements under the statute to only those hearsay statements that fall under '*firmly rooted* *exceptions* to the hearsay rule,' as defined by the U.S. Supreme Court in Idaho v. Wright. Id. (emphasis added)." (Defendant's Post-Trial Findings of Fact and Conclusions of Law, pp. 22-23) A close look at the case demonstrates that the Oden court articulated no such limitation. The case actually states that the "statute has no purpose of excluding evidence historically admissible under 'firmly rooted' exceptions to the hearsay rule." Oden, 905 S.W.2d at 918. The court reiterated that "[t]he purpose of the new Sec. 491.010 was to permit the receipt of previously inadmissible evidence, and not at all to require the exclusion of evidence otherwise admissible." Id. Contrary to the Defendant's assertion, the Oden court did **not** find that only hearsay statements falling under firmly rooted exceptions to the hearsay rule were admissible under the statute. To take such an approach would render the statute meaningless.

The Court finds that the Decedent's statements to her sister regarding how the wheelchair belt(s) became unfastened are admissible Mo. Rev. Stat. § 491.010.2. The Defendant's Motion in Limine to exclude the Decedent's statements is denied.

7

## II. Testimonies of Mary Ann Herbert, Sally Oelzen and Todd Oelzen regarding non-economic damages

Defendant also asks this Court to exclude the testimonies of Mary Ann Herbert, Sally Oelzen, and Todd Oelzen regarding non-economic damages because these individuals are not entitled to recover damages in this case. Plaintiff contends that, while Ms. Herbert and Ms. Oelzen are not entitled to recover damages, they are allowed to provide corroborating testimony regarding damages suffered by Plaintiff and the class of persons on whose behalf he brings this suit. Similarly, Plaintiff asserts that Todd Oelzen's testimony regarding his father's non-economic damages is relevant and probative. Although the Defendant argues that this testimony is irrelevant and prejudicial, the undersigned finds that the probative value of their testimonies pertaining to non-economic damages suffered by the Plaintiff outweighs any prejudice, especially in a bench trial. The undersigned will therefore deny Defendant's motion in limine with regard to these testimonies and take said testimonies into consideration.

However, the Court agrees with the Defendant that Todd Oelzen did not exhaust his administrative remedies as required by 28 U.S.C. §§ 2401(b) and 2675(a) of the Federal Tort Claims Act. Plaintiff concedes that Todd Oelzen is not a named Plaintiff in the administrative claim. Indeed, in his Post-Trial Brief, Plaintiff claims damages only on behalf of himself. Further, during trial, Plaintiff's attorney did not elicit any testimony, nor did Todd Oelzen testify, regarding his alleged damages as a person entitled to recover damages under the Wrongful Death Statute. Therefore, Defendant's Motion in Limine with regard to the testimony of Todd Oelzen regarding his own non-economic damages will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions in Limine [Doc. #36] are **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the testimony of Ms. Herbert regarding statements made by the Decedent shall be admitted under Mo. Rev. Stat. § 491.010.2.

**IT IS FURTHER ORDERED** that the testimonies of Mary Ann Herbert, Deanna Oelzen, and Todd Oelzen regarding Plaintiff's non-economic damages shall be admitted.

**IT IS FINALLY ORDERED** that Defendant's motion to exclude Todd Oelzen's testimony regarding his own non-economic damages is **DENIED** as **MOOT.**

                         /s/ Terry I. Adelman
                     UNITED STATES MAGISTRATE JUDGE

Dated this   31st   day of March, 2009.